IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
(SOUTHERN DIVISION)

| | |
|---|---|
| DIANA L. KERSHNER and DENNIS J. KERSHNER<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN DOE and LOWE'S HOME CENTERS, LLC<br><br>Defendants. | CASE NO. 6:19-cv-03416 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. Sections 1332 and 1441(b), Defendant Lowe's Home Centers, LLC (hereinafter referred to as "Defendant"), contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Circuit Court of Greene County, Missouri at Platte City, to the United States District Court, Western District of Missouri. The removal is based, specifically, on the following grounds:

## PLEADINGS, PROCESS, AND ORDERS

1. On October 19, 2019, Plaintiffs Diana L. Kershner and Dennis J. Kershner (hereinafter referred to as "Plaintiffs") commenced the above-entitled civil action in the Circuit Court of Greene County, Missouri by filing a Petition therein entitled Diana L. Kershner and Dennis J. Kershner v. John Doe and Lowe's Home Centers, LLC, Case No. 1931-CC01312. True and correct copies of the following documents are attached hereto and incorporated herein by reference collectively as State Court Records:

    a.    Petition for Damages

    b.    Notice of Service of Process to Lowes Home Centers, LLC

      c.      Amended Petition for Damages

      d.      Certificate of Service of Discovery Requests

      e.      Return of Service upon Lowe's Home Service LLC

2. The Summons and Amended Petition were served upon Defendant Lowe's via personal service to its agent for service of process on November 7, 2018.

3. Defendant has not filed an answer to Plaintiff's Petition.

4. The attached exhibits constitute all process, pleadings, and orders served upon Defendant Lowe's in this matter.

## DIVERSITY

**Citizenship**

5. Removal is proper under 28 U.S.C. § 1332, because the parties' citizenship is diverse and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* Petition.

6. Plaintiffs Diana L. Kershner and Dennis J. Kershner were, at the time of the filing of this action, and presently remain, residents and citizens of the State of Missouri. *See* Petition ¶ 1.

7. Defendant Lowe's Home Centers, LLC is a limited liability company. The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members. *GMAC Commer. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827 (8th Cir. 2004). Lowe's Home Centers, LLC is a manager-managed limited liability company with its only member being Lowe's Companies, Inc. Lowe's Companies, Inc. is a North Carolina corporation and is incorporated in North Carolina with its principal place of business in North Carolina. Accordingly, Lowe's Home Centers, LLC is a citizen of the State of North Carolina. Therefore, complete diversity of citizenship exists as between Plaintiff and Defendant.

8. John Doe defendant's residency is not considered for removal purposes because he is a fictitious defendant. 28 U.S.C. § 1441(b)(1).

## AMOUNT IN CONTROVERSY

9. Plaintiffs Petition sets forth a cause of action for negligence. *See* Petition.

10. Plaintiffs allege that on or about May 15, 2018, Plaintiff Diana Kershner was injured when she slipped and fell while walking down the basement stairs of her home due to negligently installed carpet. Plaintiff further alleges that she sustained various injuries to contiguous ligaments, nerves, bones, and tissues of her neck, back, right shoulder, left hip, left knee and right knee. *See* Petition ¶ 10. Plaintiff Dennis Kershner alleges loss of society, consortium, companionship, love affection and support of his wife as a result of her injuries (*See* Petition ¶ 17)

11. As a result of the damage, Plaintiffs allege that they have suffered substantial damages in an unspecified amount. *See* Petition.

12. The amount in controversy is determined from the allegations in the petition. 28 U.S.C. § 1446(c)(2); *see St. Paul Mercury Indemnity Co. v. Red Cab Co.* (1938) 303 U.S. 283, 289.

13. As noted above, here, Plaintiffs allege that they have suffered a considerable amount in damages. *See* Petition ¶¶ 3, 10, 14, 17. Plaintiffs' allegations of past and future medical expenses, past and future disability, limitations on her ability to perform her usual functions, past and future pain and suffering, are sufficient to show that her claims for damages are greater than the amount in controversy requirement. Accordingly, this Court's jurisdiction is properly invoked. *See Quinn v. Kimble, 228 F. Supp. 2d 1038, 1040-41 (E.D. Mo. 2002)* (denying motion to remand because plaintiff alleges he suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses); *McLauchin v. Sight*, 2016 U.S. Dist. LEXIS 99983 at *2 (W.D. Mo. 2016) (quoting *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005)) (stating

the removing party does not need to "prove that 'the damages *are* greater than the requisite amount,' but that 'the claims . . . could, that is might, legally satisfy the amount in controversy requirement'"). Thus, the amount in controversy here exceeds the $75,000.00 statutory minimum. Therefore, federal jurisdiction is proper. Removal is effected without waiving any defenses.

## **VENUE OF REMOVAL**

14. The Circuit Court of Greene County, Missouri at Springfield is located in the United States District Court for the Western District of Missouri, Southern Division. 28 U.S.C. § 105(b)(3). This Court is part of the district and division in which the action was filed – Greene County, Missouri. Thus, venue is proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1446(a).

## **TIMELINESS OF REMOVAL**

15. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt of Plaintiff's Petition, which indicated that the matter is removable. 28 U.S.C. § 1446(b)(1). Further, the instant removal is within one year of the commencement of the underlying action as required by 28 U.S.C. § 1446(c)(1). As noted, Plaintiffs commenced this action on October 19, 2019.

16. For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. Sections 1332 and 1441(b).

17. Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal will be served upon all adverse parties and will be filed promptly in the State Court Action.

18. Pursuant to 28 U.S.C. § 1446(a), Defendants are filing contemporaneously herewith a current docket sheet from the State Court Action and a copy of all the pleadings and papers filed with the state court.

19. As of the date of this notice of removal, no other proceedings have been set in the State Court Action.

**WHEREFORE**, Defendant Lowe's Home Centers, LLC removes this action from the Circuit Court for Greene County, Missouri at Platte City to the United States Western District of Missouri.

/s/ Jeremy K. Schrag
Jeremy K. Schrag, #70536
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 North Waterfront Parkway, Suite 150
Wichita, Kansas 67206
Telephone: 316.609.7900
Facsimile: 316.462.5746
jeremy.schrag@lewisbrisbois.com

*Attorney for Defendant Lowe's Home Centers, LLC*

## CERTIFICATE OF SERVICE

I certify that on December 9, 2019, a true and correct copy of the above Notice of Removal was filed using the court's CM/ECF system and a copy was sent to the following by United States Mail, with first class postage prepaid thereon, and addressed as follows:

Jonathan P. Davis
BRAD BRADSHAW M.D., J.D., L.C.
1736 E. Sunshine, Suite 600
Springfield, MO 65804

/s/ Jeremy K. Schrag
Jeremy K. Schrag